UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 2:10-cr-00356-LDG -VCF-4 |
| v. | ) | |
| | ) | **O R D E R** |
| JEANNIE SUTHERLAND, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Before the court is defendant Kelly Nunes' Sealed Emergency Ex-Parte Motion For Production of Documents Regarding Government Witness. (#223).

Defendant Nunes is awaiting trial on charges of conspiracy to commit wire fraud, mail fraud, and bank fraud (18 U.S.C. § 1349), bank fraud (18 U.S.C. § 1344(1) and (2)), and aiding and abetting (18 U.S.C. § 2). (#60). In defendant's motion, she asks the court to issue an order requiring government witness Patricia Forcier, a New York resident, to produce certain documents on January 23, 2011. (#223). Defense counsel asserts that he consulted with the government regarding these documents, but that the government "indicated that it does not have these reports in its actual possession." *Id.* When defense counsel sought production of the documents from Patricia Forcier's employer, Deutsche Bank, counsel for Deutsche Bank responded that "a court order would be necessary for the release of any reports or correspondence related to bank operations." *Id.*

Pursuant to the court's order appointing defense counsel (#74), if counsel "desires subpoenas to be served outside the state of Nevada, further application pursuant to Federal Rules of Criminal Procedure 17(b) shall be made to the Court, before the issuance of said subpoenas." Pursuant to Fed. R. Crim. P. 17(c), a subpoena may order a witness to produce documents.  Rule 17 is not intended to be used as a discovery device or to "allow a blind fishing expedition seeking unknown evidence." *United States v. Reed,* 726 F.2d 570, 577 (9th Cir.), *cert denied,* 469 U.S. 871, 105 S.Ct. 221, 83

1  L.Ed.2d 151 (1984)(citation omitted).  Thus, the party seeking production must demonstrate a showing
2  of relevancy, admissibility, and specificity.  *Unites States v. Komisaruk,* 885 F.2d 490, 494 (9th Cir.
3  1989).  "The court may direct the witness to produce the designated items in court before the trial or
4  before they are to be offered in evidence."  Fed. R. Crim. P. 17(c)(1).

5  Here, defendant has made a *prima facie* showing to the court that the documents requested are
6  relevant to the charges against her and admissible into evidence under Federal Rule of Evidence 803(6).
7  *Komisaruk,* 885 F.2d at 494.  Defendant has also narrowed the documents requested with regard to
8  subject matter and time period.  *Id.*  The court finds that defendant is not utilizing Rule 17 as a
9  "discovery device," as she is seeking the documents solely in relation to witness Patricia Forcier's
10 testimony at trial.  *Reed,* 726 F.2d at 577.  In defendant's proposed order, she asks this court to order
11 the requested documents be produced to the Federal Public Defender's office by January 23, 2012.
12 However, under Rule 17(c)(1), the witness may only be ordered to produce the documents *in court.*
13 Fed. R. Crim. P. 17(c)(1).  The subpoena provided to the court correctly orders the witness to appear
14 in court and to produce the documents at that time.  (#233-1).

15 Defendant may issue the subpoena (#223-1) requiring Patricia Forcier to appear and to produce
16 the documents, and the United States Marshal shall serve the subpoena.  If the government objects to
17 the production of the documents, the government may promptly file with the court a motion to quash
18 subpoena under Fed. R. Crim. P. 17(c)(2).  Admissibility of the documents into evidence at trial will,
19 of course, be decided by the trial judge.

20 Accordingly, and for good cause shown,

21 IT IS ORDERED that defendant Kelly Nunes' Sealed Emergency Ex-Parte Motion For
22 Production of Documents Regarding Government Witness (#223) is GRANTED in part and DENIED
23 in part, as discussed above.

24 IT IS THEREFORE ORDERED that the U.S. Marshal shall serve the subpoena proposed by the
25 defendant pursuant to Fed. R. Crim. P. 17(b) and (d).

26

IT IS FURTHER ORDERED that the defendant's Ex-Parte Motion (#223) shall remain SEALED.

DATED this 13th day of January, 2012.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**