UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JEANNIE SUTHERLAND, et al,<br><br>    Defendants. | 2:10-cr-0356-LDG-LRL<br><br>**ORDER** |

Defendant Kelly Nunes has filed a motion for bail pending appeal (#364, opposition #369, reply #371). Title 18 U.S.C. § 3143(b)(1) governs the availability of release pending appeal of a defendant who has been found guilty of an offense and sentenced to a term of imprisonment. To obtain bail pending appeal, the convicted defendant must prove "(1) [by clear and convincing evidence] that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released; (2) that the appeal is not for purposes of delay; (3) that the appeal raises a substantial question of law or fact; and (4) that if that substantial question is determined favorably to the defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed." United States v. Handy, 761 F.2d 1279, 1283 (9th Cir. 1985).

The parties contest whether Nunes' appeal has raised a substantial question of law or fact. "[T]he word "substantial' defines the level of merit required in the question raised on appeal, while the phrase 'likely to result in reversal' defines the type of question that must be presented." Id. at 1281. A "substantial question" is a question that is "fairly debatable," or "fairly

doubtful,"–and has been described as a question "of more substance than would be necessary to a finding that was not frivolous." Id. at 1281-83.

Here, Nunes has not raised a question that is fairly debatable or fairly doubtful. He essentially argues that the court did not instruct the jury properly on the materiality element of bank fraud. The court used the language from the Ninth Circuit pattern instruction 8.127 in instructing the jury as to the materiality element in bank fraud: "[T]he statements or promises were material; that is, they had a natural tendency to influence, or were capable of influencing, a financial institution to part with money or property." Nunes asserts, however, that the instruction should have stated that the statements were material if they were capable of influencing the decision-making body of the particular lender involved, rather than a generic financial institution.

The court previously ruled that in the materiality analysis a jury must look at the "intrinsic capabilities of the false statement itself, rather than the possibility of the actual attainment of its end," see United States v. Peterson, 538 F.3d 1064, 1072 (9th Cir. 2008), and that "a misrepresentation may be material without inducing any actual reliance." United States v. Blixt, 548 F.3d 882, 889 (9th Cir. 2008). Nunes' position would convert the materiality element into a subjective standard by requiring the jury to assess the issue from the perspective of a particular institution. However, being "'capable of influencing' is an objective test." Peterson, 538 F.3d at 1072. Therefore, the Ninth Circuit pattern instruction as given by the court on the issue of materiality correctly conveys the nature of the standard. Accordingly,

THE COURT HEREBY ORDERS that Nunes' motion for bail pending appeal (#364) is DENIED.

DATED this ___6___ day of F gego dgt."42340

_____
Lloyd D. George
United States District Judge